# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Andrew J. Heinze,                                   Case No. 3:17CV1266

    Plaintiff,

v.                                                  **ORDER**

Martin Marietta Magnesia Specialties, LLC, et al.,

    Defendants

This is a "Hybrid 301" action against the plaintiff's former employer, Martin Marietta Magnesia Specialties (Company) and the union representing its employees, United Steelworkers Local 12695 (Union). The plaintiff claims that the Company's decision to fire him after he flunked a random drug test violated the parties' Collective Bargaining Agreement (CBA), and that the Union's dropping of his ensuing grievance violated its duty of fair representation.

Jurisdiction is proper under 28 U.S.C. § 1331.

Pending is the Company's motion to dismiss under Fed. R. Civ. P. 12(b)(6). (Doc. 7).

For the reasons that follow, I grant the motion and dismiss the complaint with prejudice and without the right to seek leave to amend.

## Background

In December, 2016, the Company notified the plaintiff that it had, pursuant to the Company's Substance Abuse Policy (Policy), selected him for a random drug test. On reporting for the test, the plaintiff admitted that he had recently used marijuana. The Company immediately suspended him

pending the test results. When the result was positive, the Company fired the plaintiff on December 16, 2016. When he asked, the Company told him there was nothing that could be done to allow him to keep his job.

Plaintiff filed a grievance. After a lapse of several months, during which the Union had not kept the plaintiff informed of what, if anything, it was doing with the grievance, the Union notified him that it was dropping it.

Section V(A) of the CBA prescribes what happens under the Company's Policy when an employee flunks a drug test:

> The Company's preventive drug and alcohol testing program will serve as a deterrent to the abuse of illegal drugs and/or alcohol by employees and as a demonstration of the Corporation's character to its customers, its employees, and the public. Selection for testing will be on a non-biased system and testing will be conducted at unscheduled and unannounced times. Prior to testing, employees will be required to complete a consent agreement. All employees in all positions are included in the preventive drug and alcohol testing program unless prohibited by state law. The Company may require a breath analyzer, urinalysis, or other drug/alcohol testing of an employee.[1]

Section VII(C) of the CBA states that "[e]mployees testing positive under this provision are subject to immediate termination of employment for the first offense without rehabilitation."[2]

---

[1] In its original motion to dismiss, the Company referenced an outdated version of the Policy. It filed an amended memorandum referencing the Policy as it existed in 2016. While plaintiff makes much of the initial mistake, he fails to show, and cannot show, any prejudice from the mistake.

[2] The plaintiff claims that the Company had discretion to permit him to enroll in a substance abuse program rather than firing him. The Company points out, and plaintiff does not refute that, to be eligible for that option, an employee has to obtain prior approval to do so. Plaintiff does not allege that he sought, or the Company granted, any such prior approval.

**Discussion**

To prevail in this case, plaintiff has to prove both that the Company breached its obligations under the CBA and that the Union's decision to drop his grievance was arbitrary, discriminatory, or in bad fath.

The plaintiff's principal contention is that the Company failed to offer him an alternative consequence for flunking the drug test, other than on-the-spot suspension and subsequent termination. But he has pointed and can point to nothing in the CBA that gives him any right whatsoever to such an option. Entirely to the contrary, the CBA unambiguously provides that any employee failing a drug test – even for the first time – "is subject to immediate termination."

Plaintiff observes that the CBA makes termination discretionary rather than mandatory.

Even so, the Company could exercise that discretion however it saw fit: discretion gives us options without foreclosing any of them. Accordingly, even though the Company had the option of doing something else, it also had the option of firing the plaintiff. And that exercise of its discretion is not something I may review. *Adams v. Tennessee Dep't of Fin. & Admin.,* 179 F. App'x 266, 272 (6th Cir. 2006) ("Courts are not intended to act as super personnel departments to second guess an employer's facially legitimate business decisions.").

Plaintiff claims that the Company treated another employee differently, and more favorably, when it allowed this employee to enter a substance abuse program and fired him only after learning that he had falsified his employment record.

On its face, that situation is readily distinguishable from plaintiff's situation. Plaintiff did not qualify for any such program, as he had not received prior approval to participate in treatment. Where footwear doesn't fit, a plaintiff can't bootstrap himself into someone else's shoes.

3

In any event, the Union was well within its discretion to decline to pursue plaintiff's grievance. Given plaintiff's failure to pass the drug test, and the propriety of the Company's termination decision, carrying on with the grievance would have been pointless. The duty of fair representation does not extend to pursing futile grievances. *E.g.*, *Williams v. Molpus*, 171 F.3d 360, 366–67 (6th Cir. 1999) (union need not file a meritless grievance, so long as it makes that determination in good faith).

Moreover, the CBA was a *contract*, and all contracts include an implied covenant for fair dealing and good faith. Restatement (Second) of Contracts § 205. Rather than breaching any duty to the plaintiff, the Union arguably would have breached that implied covenant in its CBA with the Company had it gone forward with plaintiff's grievance.

### Conclusion

The Company's decision to fire the plaintiff was as permissible as it was understandable. The Union's decision not to waste its time and resources pursuing a baseless grievance was as sensible as it was permissible.

It is, therefore,

ORDERED THAT the Union's motion to dismiss (Doc. 7) be, and the same hereby is granted with prejudice and without the right to seek leave to amend.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge